United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60634
Summary Calendar

_____

LAZARO FARAGA

Plaintiff - Appellant

v.

DANNY Q JACKSON, Chairman of Mississippi Parole Board,
LYDIA CHASSANIOL, WALLEY R NAYLOR, MONEY POWELL, JR,
ARTHUR LEE NORED, PETE POPE

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CV-80BN
--------------------

Before KING, Chief Judge, and DENNIS and PICKERING, Circuit
Judges.

PER CURIAM:[*]

Lazaro Faraga, Mississippi prisoner # 41313, appeals the
summary judgment granted in favor of the defendants, dismissing
his 42 U.S.C. § 1983 complaint. Faraga argues that the
Mississippi Parole Board violated his rights under the Ex Post
Facto Clause by denying him annual parole reconsideration
hearings, which he was entitled to under the law in effect at the
time he committed the offense. He further asserts that he was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied equal protection on the basis of his Cuban nationality by the Parole Board in that similarly situated white and black prisoners were granted parole, while he was denied parole.

Under the principles set forth in Garner v. Jones, 529 U.S. 244, 251-57 (2000), and California Dept. of Corr. v. Morales, 514 U.S. 499, 509-14 (1995), Faraga was required to show that the Board's amended rules permitting the Board to give set-offs of from one to seven years created a significant risk of prolonging his incarceration. Our de novo review of the record reveals that the magistrate judge properly concluded that there was no genuine issue of material fact as to whether application of the amendment created the prohibited effect. See FED. R. CIV. P. 56(c)

Given the nature of Faraga's crime and the other reasons listed by the Board for denying him parole, it is difficult to see how the Board increased the risk of his serving a longer sentence when it decided to set Faraga's next parole hearing five years later, rather than annually. See Garner, 529 U.S. at 255. Furthermore, the record indicates that the amendment allows the Board to set reconsideration dates between one and seven years. Thus, like the amendment in Garner, the amendment here vests the Board with discretion as to how often an inmate may be reconsidered. Id. at 254. The Board consequently may set reconsideration dates according to an inmate's likelihood of release on parole. Id. Furthermore, there is no evidence in the record indicating that Faraga would be precluded from seeking an

expedited hearing from the Board if he experienced a change in circumstances.  See Morales, 514 U.S. at 512.  Accordingly, the magistrate judge did not err in granting summary judgment in favor of the defendants as to Faraga's claim under the Ex Post Facto Clause.

Although Faraga sufficiently stated an equal protection claim based on his Cuban nationality, see Thompson v. Patteson, 985 F.2d 202, 207 (5th Cir. 1993), the evidence he presented in support of his claim was insufficient to create a genuine issue of material fact regarding the Board's alleged discrimination. Specifically, the evidence Faraga produced concerned white and black prisoners who had been reviewed for and granted parole in 1996 or earlier.  Faraga's evidence was not relevant as to whether he was denied parole in 1999 and/or 2001 based on an improper motive.

The district court's judgment is AFFIRMED.